Jorge Chimas **GONGORA; Paulita Cabrera–Basto, Petitioners,**

v.

Michael B. **MUKASEY, Attorney General, Respondent.**

Nos. 05–73272, 06–70948.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 24, 2008.

Parmjeet Kaur Randhawa, Esquire, Law Offices of Parmjeet Kaur Randhawa, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Patricia A. Smith, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Jorge Chimas Gongora and Paulita Cabrera–Basto, husband and wife and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") orders dismissing their appeal from an immigration judge's decision denying their applications for cancellation

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

620

of removal (No. 05–73272), and denying their motion to reopen based on ineffective assistance of counsel (No. 06–70948). Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition for review in No. 05–73272 and deny the petition for review in No. 06–70948.

We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

We review for abuse of discretion the BIA's denial of a motion to reopen. *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because the motion was filed more than five months after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must generally be filed within 90 days of the final order of removal), and petitioners did not demonstrate they were entitled to equitable tolling, *see Iturribarria,* 321 F.3d at 897 (deadline for filing a motion to reopen can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

We need not reach petitioners' remaining contention because the untimeliness finding of the BIA is dispositive.

**No. 05–73272: PETITION FOR REVIEW DISMISSED.**

**No. 06–70948: PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).